CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
OCT 14 2008
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:08CR00016-1 |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| PAULO REYES ZARCO, | ) | |
| | ) | By: B. WAUGH CRIGLER |
| Defendant. | ) | U.S. MAGISTRATE JUDGE |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's consent, this case was referred to the undersigned to conduct a plea hearing.

**DEFENDANT'S RESPONSES TO RULE 11 INQUIRY**

The Grand Jury returned a multiple-count Indictment charging defendant in Count One with knowingly and intentionally combining, conspiring, confederating and agreeing together with persons known and unknown to the Grand Jury, to commit the following offense against the United States: to distribute fifty (50) grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), all in violation of Title 21, United States Code, Section 846; and in Count Four with knowingly and intentionally possessing with intent to distribute fifty (50) grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

On October 7, 2008, a plea hearing was conducted before the undersigned, and pursuant to the terms of the plea agreement, the defendant entered a plea of guilty to Count One of the Indictment. At this hearing the defendant was placed under oath and testified his full legal name is Paulo Reyes Zarco, he was born on January 26, 1980 in Mexico, and he received formal education up to the sixth grade in Mexico. The defendant stated that he cannot read, write, or understand the

English language.[1] The defendant stated that he was fully aware of the nature of the charges against him and the consequences of pleading guilty to those charges. The defendant further testified that he was not under the influence of alcohol, medicine, or any drug. The defendant stated that he had no other physical or mental condition which impaired his ability to understand the nature of the proceedings being held. The defendant's counsel stated that he had no reservations as to the defendant's competency to enter a plea of guilty to the offense.

The defendant testified that he had received a copy of the Indictment pending against him and that he had fully discussed the charges therein and defenses thereto, and his case in general, with his counsel. The defendant stated that he was pleading guilty of his own free will because he was, in fact, guilty of the offense charged. The defendant also stated that no one had made any promises, assurances, or threats in an effort to induce his plea. The defendant testified that he understood that Count One is a felony, and if his plea is accepted, he will be adjudged guilty of that offense, and the government will move for the dismissal of Count Four of the Indictment.

The defendant was informed that the maximum statutory penalty for Count One is a $2,000,000 fine and/or imprisonment for a term of forty years, plus a term of supervised release. He was further informed that there is a mandatory minimum sentence of imprisonment for a term of five years. The defendant was told that parole has been abolished and that if he is sentenced to prison, he will not be released on parole but on supervised release, a violation of which could result in additional incarceration. Finally, the defendant testified that he understood that he will be required to pay a mandatory assessment of $100 per felony count of conviction, or $100.

The defendant was informed that under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case. The defendant was then informed that the Sentencing Guidelines are no longer

---

[1] An interpreter assisted the defendant during the hearing.

mandatory, but the sentencing judge may apply them in an advisory fashion in determining a reasonable sentence. The defendant testified that he and his counsel had discussed how the Sentencing Guidelines might apply in his case. The defendant also testified that he understood that the court would not be able to determine the applicable guideline range, for advisory purposes, until after a presentence report has been prepared and both parties have been given an opportunity to challenge the reported facts and application of the Guidelines. The defendant stated that he understood that the eventual sentence imposed may be different from any estimate his attorney had given him, and that the court has the authority to impose a sentence that is either higher or lower than that called for by the Guidelines, so long as the sentence is not greater than the statutory maximum for the offense to which the defendant is pleading guilty.

The defendant acknowledged awareness that all facts set forth in the Indictment, including the dismissed counts, are relevant conduct for purposes of his sentencing. The defendant stated that he understood that the government would not object to his being given the benefit of sentencing under the "safety valve" provisions of USSG § 5C1.2 and Title 18, United States Code, Section 3553, if he meets the criteria at the time of his sentencing. The defendant stated that he understood that, contingent upon his acceptance of responsibility and continued cooperation in the sentencing process, and fulfillment of his duties under the plea agreement, the government will recommend a two-level (2) reduction under USSG § 3E1.1(a), and if applicable, the government will move for an additional one-level (1) reduction under USSG § 3E1.1(b). The defendant stated that he was aware that if he fulfilled his obligations under the plea agreement and accepted responsibility for his conduct, the government would recommend a sentence at the low end of the applicable guidelines range. The defendant also acknowledged that this was merely a recommendation, and that the court had the discretion to sentence him up to the maximum penalty under the law. The defendant also stated that he understood that even if he fully cooperates with law enforcement, the government is

3

under no obligation to file a motion to reduce his sentence for substantial assistance.

The defendant was informed that any information he gives during a proffer or cooperation will not be used against him to enhance his sentence pursuant to USSG § 1B1.8, but that the information could be used to show he was accepting responsibility. The defendant also testified that he was waiving all rights under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of his case. The defendant acknowledged his consent to the abandonment, official use and/or destruction of anything seized by law enforcement officials during the investigation of his case. The defendant agreed that he would make good faith efforts toward payment of any fines, assessments and restitution imposed. The defendant was informed that, at the discretion of the court, he may be denied federal benefits, as that term is defined in 21 U.S.C. § 862(a), for a period of years or indefinitely. The defendant acknowledged that, if requested, he would be required to submit a financial statement, and he agreed not to convey anything of value without authorization from the government.

The defendant acknowledged that he was waiving his right to have a jury determine beyond a reasonable doubt the facts alleged in the Indictment, including any facts related to sentencing. The defendant stated he understood that he had the right to a trial by a jury, in addition to the following rights, which will be waived or given up if his guilty plea is accepted:

1. The right to plead not guilty to any offense charged against him;
2. The right at trial to be presumed innocent and to force the government to prove his guilt beyond a reasonable doubt;
3. The right of assistance of counsel at trial and in any subsequent appeal;
4. The right to see, hear and cross-examine witnesses;
5. The right to call witnesses to testify on his own behalf and to the issuance of subpoenas or compulsory process to compel the attendance of witnesses;
6. The right to decline to testify unless he voluntarily elects to do so in his own defense; and
7. The right to appeal a guilty verdict.

4

The defendant testified that he understood that under the terms of the agreement he was waiving rights to appeal or collaterally attack his conviction or sentence. The defendant stated he was aware that the government retained its rights to appeal.

The defendant also testified that he understood that, to the extent he possesses these rights, he may be deprived of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm.[2] The defendant stated that he was fully satisfied with the advice and representation given to him in this case by his counsel, and that he believed the representation had been effective. After answering all the undersigned's questions, the defendant stated he still wished to plead guilty and have the court to accept his plea of guilty to Count One.

## THE GOVERNMENT'S EVIDENCE

The defendant waived his right to have the government's Factual Summary read in open court, and he had no objection to the Summary.[3] The Factual Summary having been filed in open court, the evidence presented therein regarding the offense charged, is as follows: During the month of April 2008, investigators with the Virginia State Police W.A.S.S.P. Drug Task Force developed a Confidential Source ("CS"), who identified Paul Tinoco ("Tinoco") as a methamphetamine ("meth") distributor in the Waynesboro, Virginia area. CS told law enforcement that he had purchased drugs from Tinoco on a number of occasions from October 2007 through April 2008.

On April 22, 2008, after previously arranging to buy one ounce of meth from Tinoco for $1,000, CS met Tinoco in the Wal-Mart parking lot in Waynesboro, Virginia, and bought one ounce of a substance suspected to be meth for $1,400. The drugs were sent to the lab for analysis and were determined to be **27.4 grams of meth**. The transaction was electronically monitored and recorded by

---

[2]The defendant is not a legal citizen of the United States.

[3]The defendant disputed drug weight, but he agreed to the Factual Summary with the understanding that he reserved the right to argue or contest the drug weight at sentencing.

5

law enforcement.

On April 23, 2008, CS made arrangements with Tinoco to buy four ounces of meth for $5,000 inside the Waynesboro Wal-Mart. After seeing Tinoco walk inside the Wal-Mart, law enforcement officers arrested him. They recovered a substance suspected to be meth and $603 cash from him. The drugs were sent to the lab for analysis and were determined to be **103.2 grams of meth**.

After being taken into custody, Tinoco told law enforcement that he (1) had sold meth to CS on numerous occasions, (2) had purchased meth from a Waynesboro man he knew to be "Mono," who was later determined to be Paulo Reyes-Zarco, (3) had purchased no less than **2.2 kilos to 4.5 kilos of meth** from Reyes-Zarco, and (4) had a gun and $1000 cash at his residence in Waynesboro, which were later recovered by law enforcement.

On April 24, 2008, Tinoco arranged to meet Reyes-Zarco at Tinoco's home so that he could purchase one-half pound of meth from Reyes-Zarco. Reyes-Zarco arrived at Tinoco's home, called Tinoco, and was arrested by law enforcement. From Reyes-Zarco's vehicle and person, law enforcement seized a quantity of a substance suspected to be methamphetamine and $11,000 cash. The drugs were sent to the lab for analysis and were determined to be **231.4 grams** of meth.

## FINDINGS OF FACT

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea;
2. The defendant is aware of the nature of the charges and the consequences of his plea;
3. The defendant knowingly and voluntarily entered a plea of guilty to Count One of the Indictment; and
4. The evidence presents an independent basis in fact containing each of the

essential elements of the offense to which the defendant is pleading guilty.

**RECOMMENDED DISPOSITION**

Based upon the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's plea of guilty to Count One of the Indictment. The undersigned DIRECTS that a presentence report be prepared. A sentencing hearing hereby is scheduled for January 12, 2009 at 10:30 a.m. before the presiding District Judge in Harrisonburg.

**NOTICE TO PARTIES**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C): Within ten days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. The presiding District Judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The presiding District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in this matter to the presiding United States District Judge.

The Clerk is hereby directed to send certified copies of this Report and Recommendation to all counsel of record.

ENTERED: _____
United States Magistrate Judge

October 14, 2008
Date

7